## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **SHAQUERRIAN HILL;** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **Case No.: 1: 22-cv-428** |
| **v.** | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| **JIM BARNES ENTERPRISES, INC.** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW,** Plaintiff Shaquerrian Hills, by and through undersigned counsel, and for want of prosecution say as follows:

## I.

## NATURE OF THE ACTION

1.      This is an action seeking redress from unlawful employment practices, specifically discrimination on the basis of her sex, committed against the plaintiff by the defendant.  Plaintiff seeks a declaratory judgment, pursuant to the provisions of Title 28 U.S.C. Sec. 2201, declaring the rights and relations of the parties as follows:

That the actions of the defendant against the plaintiff, complained of herein, regarding the terms and conditions of her employment and the defendant's employment practices, were motivated by sex discrimination so as to contravene rights secured unto her pursuant to the laws of the United States as enforced by Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Sec. 2000e et seq.  That the actions of the defendant in terminating the plaintiff's employment was premised on sex discrimination.

## II.

## JURISDICTION AND VENUE

2.      Jurisdiction of this court is invoked pursuant to, and in accordance with, the provisions of Title 28 U.S.C. Sections1331 and 1343 (3), this being an action to redress deprivation of rights secured unto the plaintiff pursuant to the laws of the United States of America, as enforced by The Civil Rights Act of 1866, 42 U.S.C. Section § 1981, 1981(a), and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, Title 42 U.S.C. Sec. 2000e, *et seq*.

3.      Venue is appropriate pursuant to Title 28 U.S. C. Section 1391(b).

## III.

## THE PARTIES

4.      Plaintiff Shaquerrian Hill avers that at all times material hereto she was a female employee of the Defendant, Jim Barnes Enterprises, Inc.   At all times material hereto, the plaintiff avers that she is a citizen of the United States and of the State of Alabama, residing in Monroe County, Alabama.

## IV.

## EXHAUSTION OF ADMINISTRATIVE REMEDY

5.      Plaintiff avers that she has availed himself of the administrative process with the Mobile/Gulf Coast Office of the United States Equal Employment Opportunity Commission (EEOC), alleging that the defendant has deprived her of rights secured to her pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.  Sec. 2000e, et seq.  Plaintiff filed this action within 90 days of her receipt of the United States Postal Service's Notice of Final Action / Decision.

## V.

## ALLEGATIONS OF FACT

6.      Plaintiff avers that all actions complained of herein occurred within the line and scope of her employment.

7.      At all times material hereto, the plaintiff was an employee of the Defendant, Jim Barnes Enterprises, Inc. d/b/a McDonald's Restaurant, Monroeville, Alabama. Plaintiff filed her Charge of Discrimination with the United States Equal Employment Opportunity Commission because she believes that she was the victim of unlawful employment discrimination by her employer, Jim Barnes Enterprises, Inc., D/B/A McDonald's.  The basis for filing the charge is that her employer has engaged in unlawful discriminatory employment practices against the plaintiff and other female employees. Specifically, they have been subjected to, and are the victims of, unwelcome sexual advances for sexual favors; they have been subjected to and are the victims of sexual harassment and a hostile work environment. Plaintiff submits that the workplace was permeated with grotesque unwelcome sexual advances by Ronald Faulkner, who, at all times material hereto, served in a managerial capacity. Plaintiff avers that she was compelled to quit her job and resigned on or about February 19, 2022 because sexual harassment and a hostile work environment became intolerable.  Plaintiff avers that her resignation was tantamount to constructive discharge.  Despite Mr. Ronald Faulkner preying on young girls, those in positions of authority knew or had reason to have known about it, yet nothing was done to address his abhorrent and unlawful conduct.   He sent text messages, called us, and even offered money for sexual favors. Plaintiff avers that she has been subjected to a deprivation of rights against said unlawful termination/constructive discharge, discriminatory hostile work environment and sexual harassment. Plaintiff avers that she has been a victim of unlawful employment discrimination due to her sex. Plaintiff avers that she knows of other females who are similarly situated.  Indeed, plaintiff avers that she has been told that his sexual predatory like conduct is a pattern and practice as he engaged in similar behavior at McDonald's in Thomasville, Alabama.  Plaintiff has been deprived of her civil rights as protected by Title

VII of the Civil Rights Act of 1964, as amended.

## VI.

### FIRST FEDERAL CAUSE OF ACTION

#### *Employment Discrimination: Title VII, Civil Rights Act of 1964,*
#### *as amended, 42 U.S.C. Section 2000e, et seq..*

Plaintiff adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through seven (7) of this complaint, as if the same were fully set forth herein and further say:

8.     That she has been discriminated against by the defendant and having been subjected to unlawful employment practices because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.  This treatment by the defendant has adversely affected the terms and conditions of the plaintiff's employment.

9.     Plaintiff avers that she has suffered damages, including, but not limited to loss income, mental distress and emotional anguish as a consequence of the defendant's discriminatory and unlawful conduct.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands damages, compensatory, back pay, and other back employment benefits, attorney fees, costs and any other relief to which plaintiff may show himself to be justly entitled as determined by this court.

## VI.

### FIRST FEDERAL CAUSE OF ACTION

#### *Employment Discrimination: Title 42 U.S.C. Section 1981*

Plaintiff adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through nine(9) of this complaint, as if the same were fully set forth herein and further say:

10.     That the Plaintiff has been discriminated against and treated differently than other employees solely because of her race with respect to her being subjected to sexual harassment, and hostile work environment.  Plaintiff avers that her rights to as guaranteed and secured by Title 42 U.S.C. §1981, have been violated by the defendant.  This treatment by the defendant has affected the terms and conditions of the plaintiff's employment.

11.     Plaintiff avers that she is a victim of the defendant's unlawful employment practices for which she has suffered damages.

12.     Plaintiff avers that she has suffered loss income, embarrassment, humiliation, mental distress and emotional anguish as a direct and proximate cause of the defendant's discriminatory and unlawful conduct.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands that the court take jurisdiction and upon a trial on the merits, she be awarded compensatory damages, back pay, other employment benefits, attorney fees, costs and any other relief to which plaintiff may show himself to be justly entitled as determined by this court.

Respectfully submitted,

 */s/Amardo Wesley Pitters*                     
**Amardo Wesley  Pitters, Esquire**
**Attorney for the Plaintiff**
**Attorney Bar Code: 8989-T-64A**

**OF COUNSEL:**

*LAW OFFICES OF A. WESLEY PITTERS, P.C.*
**1145 South Perry Street  (36104)**
**Post Office Box 1973**
**Montgomery, Alabama 36102**
**Telephone: (334) 265-3333**
**Telecopier: (334) 265-3411**
**Email: awpitters@pitterslawfirm.com**


**PLAINTIFF DEMANDS TRIAL BY JURY.**